UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL MEYERS,<br><br>              Plaintiff,<br><br>     v.<br><br>DCT TECHNOLOGIES, INC, et al.,<br><br>              Defendants. | CASE NO. 11-cv-05595 RBL<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

The Honorable Ronald B. Leighton referred all discovery matters in this case to the undersigned on May 25, 2012 (ECF No. 29).

Plaintiff Daniel Meyers brought a Motion to Compel Discovery and for Sanctions (ECF No. 24). The Court has reviewed the motion and all supporting and opposing pleadings (ECF Nos. 24, 25, 26, 30, 31). Defendants have filed a Motion for Protective Order, Attorney Fees and Sanctions (ECF No. 27) This Court has reviewed the motion and all supporting and opposing pleadings (ECF Nos. 27, 28, 32, 33, 34, 35).

The Court reminds the parties of Judge Leighton's first Minute Order Regarding Discovery and Depositions in this case (ECF No. 2), filed shortly after the matter began. The

first line of that order reads, "All discovery matters should be resolved by agreement if possible." <u>Id.</u>

The Minute Order goes on to state:

> The conduct of the parties in pre-trial matters should be guided by the provisions of the Code of Pre-Trial Conduct published by the American College of Trial Lawyers which can be found at www.actl.com (publication).

Among other things, that Code sets forth the following requirements for discovery practice:

> (4)   When a discovery dispute arises, opposing lawyers must attempt to resolve the dispute by working cooperatively together. Lawyers should refrain from filing motions to compel or for court intervention unless they have generally tried, but failed, to resolve the dispute through all reasonable avenues of compromise and resolution.

Plaintiff has the right, and defendant must submit, to appropriate discovery requests. Discovery requests must be narrowly drafted to address issues in dispute, not broadly including matters that cannot lead to the discovery of relevant evidence. It is also insufficient to provide responses to those discovery requests that include boilerplate objections without making any attempt to provide substantive answers. Based on a review of the submissions, neither party has complied with these guidelines.

Under certain limited circumstances, parties are entitled to keep information confidential. However, Local Rule 26(c)(2) makes clear that the court will not sign stipulated protective orders to allow the sealing of unidentified documents that the parties have marked or expect to mark as confidential during discovery. While parties frequently reach agreements regarding the exchange of confidential information in discovery, and those agreements are often essential to efficient discovery, the court will generally not convert those agreements into an order because of the strong public policy in favor of full disclosure.

ORDER ON PLAINTIFF'S MOTION TO COMPEL
AND DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 2

Regardless of whether the party is seeking discovery or seeking protection from discovery, the rules make clear that the parties are to confer in good faith to resolve those differences without court involvement. Court Rule 37(a)(2)(A), LCR 26(c)(1).

Here, neither party has complied with the rules. Plaintiff's counsel first "conferred" with defense counsel on April 30, 2012 (ECF No. 25, page 2). Based on the representations made by defense counsel, this conference consisted mostly of both sides standing on their positions without a meaningful discussion (ECF No. 28, page 3-4). Apparently, this conference took place shortly after settlement discussions failed (id.). This motion followed ten days later, apparently without any meaningful discussions.

In the interim, defendant did no more than draft a proposed protective order (id. at page 5). This proposed protective order fails to comply with the court rules and contemplates the court signing an order making certain documents confidential without any specific showing that a document meets the requirements of CR 26(c). Again, there was very little discussion other than an exchange of drafts on an order that the Court will not enter.

The "meet and confer" requirement is not intended to be an obstacle, but rather a vehicle. Counsel's responsibility is not to send an email, have a meeting, and then check the box indicating that they have conferred "in good faith." Rather, counsel are required to make a reasonable attempt to determine if solutions can be found to difficult discovery issues. The Court finds that this has not been done here.

Based on the foregoing, the Court DENIES both plaintiff's and defendants' motions. The Court will not enter an order for sanctions or fees at this time, but reserves the right to do so if the parties are unable to reach a resolution because of one party's unwillingness or inability to comply with the court rules.

1
2
3   The parties are required to meet and confer to discuss how to resolve these discovery
4   disputes no later than Monday, June 18, 2012.
    Dated this 11th day of June, 2012.
5
6   _____
7   J. Richard Creatura
    United States Magistrate Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER ON PLAINTIFF'S MOTION TO COMPEL
AND DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 4